IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cr-00432-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AXEL JAMES WESTMAN,

    Defendant.

## ORDER OF DETENTION

    This matter was before the Court for arraignment, discovery and detention hearing on January 21, 2016. Assistant United States Attorney Jeremy Sibert represented the government, and Edward Harris represented the Defendant. The Defendant contested detention.

    The Court has concluded, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

    DATED and ENTERED this 21st day of January, 2016.

    By the Court:

    S/Michael E. Hegarty
    Michael E. Hegarty
    United States Magistrate Judge

United States v. Axel James Westman
Case No. 15-cr-00432-RM

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the court's file, the pretrial services report, and the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

1

First, the Indictment which has issued in this case charges Defendant with a violation of 18 U.S.C. § 922(g)(1) - Possession of a Firearm by a Convicted Felon; and 26 U.S.C. § 5861(d) - Possession of an Unregistered Firearm. The rebuttable presumption of detention does not appear to apply here.

Second, I note that in light of the Indictment in this case, probable cause exists to sustain the charges brought against Defendant.

Third, I find by a preponderance of the evidence that Defendant represents a risk of nonappearance because (1) of the nature of the alleged instant offense; (2) of the Defendant's self-reported substance abuse history; (3) the Defendant has used at least two alias names; (4) the Defendant has at least five instances of failure to appear, which resulted in the issuance of a warrant; (5) the Defendant's last verifiable employment is during the second quarter of 2013; (6) the Defendant has had probation, community corrections, and parole revoked on three occasions. Additionally, the Defendant absconded from supervision in Jefferson County District Court, Case Number 95CR27. Moreover, the Defendant escaped from the custody of the Colorado Department of Corrections (CDOC) in Arapahoe County District Court, Case Number 97CR1456 and Denver County District Court, Case Number 06CR10407. Lastly, the Defendant is currently serving a sentence in CDOC; and (7) as a juvenile, the Defendant had one misdemeanor and three felony adjudications. As an adult, the Defendant has at least three misdemeanor and eight felony convictions.

Fourth, I find by clear and convincing evidence that Defendant represents a risk to the community because (1) of the nature of the instant offense which alleges Felon in Possession of a Firearm and Receipt and Possession of an Unregistered Firearm; (2) the Defendant self-reported an addiction to heroin and methamphetamine, and daily use of marijuana; (3) the Defendant has had probation, community corrections, and parole revoked on three occasions. Additionally, the Defendant absconded from supervision in Jefferson County District Court, Case Number 95CR27. Additionally, the defendant escaped from the custody of the Colorado Department of Corrections (CDOC) in Arapahoe County District Court, Case Number 97CR1456 and Denver County District Court, Case Number 06CR10407. Lastly, the defendant is currently serving a sentence in CDOC; (4) the Defendant has two convictions for escape and multiple convictions for burglary, theft, and criminal impersonation related offenses; and (5) as a juvenile, the Defendant had one misdemeanor adjudication for Theft, and three felony adjudications for Burglary (x2) and Theft. As an adult, the defendant has at least three misdemeanor convictions for Harassment, Disorderly Conduct, and Possession of a Controlled Substance. Additionally, the Defendant has eight felony convictions for Assault, Escape (x2), Criminal Impersonation, Theft, Forgery, and Possession of a Controlled Substance (x2).

As a result, after considering all of these factors, I conclude there is a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant, and by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, and Defendant is remanded to the custody of the U.S. Marshal.