IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:15-cr-00432-RM

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**1.   AXEL JAMES WESTMAN,**

        **Defendant.**

---

### PLEA AGREEMENT

---

The United States of America (the government), by and through Rebecca S. Weber, Assistant United States Attorney for the District of Colorado, and the defendant, Axel James Westman, personally and by counsel, Edward Harris, Assistant Federal Defender, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. **AGREEMENT**

A.   *Defendant's Obligations*

The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of firearms by a previously convicted felon. The defendant further agrees to waive his appeal rights, as detailed below.

B.   *Government's Obligations*

In exchange for the defendant's plea of guilty and waiver of his appellate rights, the government agrees to the following:   (1) to recommend the Court give the defendant full

1

Court's Exhibit

1

credit for acceptance of responsibility per USSG § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing; and (2) to move to dismiss Count Two of the Indictment at the time of sentencing.

### C.   Defendant's Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 19; or (3) the government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was

2

deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

### Count One: 18 U.S.C. § 922(g)(1)

*First*:  the defendant knowingly possessed firearms as charged in the indictment.

*Second*:  the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearms; and

*Third*:  before the defendant possessed the firearms, the firearms had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.   10th Cir. Pattern J.I. § 2.44.

## III. STATUTORY PENALTIES

The maximum statutory penalties for a violation of 18 U.S.C. § 922(g)(1) are not more than 120 months imprisonment; not more than a $250,000.00 fine, or both; not more than 3 years supervised release; and a $100.00 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree as follows:

In spring 2015, J.G. gave the defendant two rifles (a Smith & Wesson, Model M&P 15-22, .22 caliber rifle bearing serial number DZS2520, and a DSA Inc, Model ZM4, .223 caliber rifle bearing serial number DSF 007493) and a silencer (a Yankee Hill Machine, Model .22LR Mite, .22 caliber silencer bearing serial number M22-5987). In return, the defendant gave J.G. a few hundred dollars and some heroin. During the summer of 2015, the defendant tried to contact the original owner of the firearms in order to return the guns, but he was unable to reach him. Then, on September 4, 2015, the original owner of the firearms contacted the defendant. The defendant then returned the rifles and silencer to the original owner. On November 4, 2015, the defendant admitted to agents

that he received the rifles and silencer from J.G. and admitted that knew one of the items he had received was a silencer. The silencer is a firearm described in 26 U.S.C. § 5845(a). *Prior to 2015, the Defendant was convicted of*

~~The defendant has been convicted of~~ numerous crimes punishable by more than one year in jail, including, but not limited to, Escape, Forgery, Criminal Impersonation, Theft by Receiving, and Second Degree Assault.[1]

*[margin: E.N. AW RW]*

The rifles and silencer functioned as designed and were not manufactured in the State of Colorado. Therefore, the firearms traveled in interstate or foreign commerce prior to being found in the defendant's possession.

### VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The base guideline is § 2K2.1(a)(4)(B), with a base offense level of **20**, because the offense involved a firearm described in 26 U.S.C. § 5845(a) and the defendant was a prohibited person.

---

[1] Based on a review of the available conviction documents, the parties do not believe that the defendant's Colorado Second Degree Assault conviction qualifies as a crime of violence under U.S.S.G. § 4B1.2.

5

  B. The following specific offense characteristic applies: there is a **2-level** increase pursuant to § 2K2.1(b)(1)(A) because the offense involved three firearms.

  C. There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments which apply.

  D. The adjusted offense level is therefore **22**.

  E. <u>Acceptance of Responsibility</u>:   The parties agree that the defendant should receive a three-level adjustment for acceptance of responsibility.   The resulting offense level therefore would be **19**.

  F. <u>Criminal History Category</u>:   The parties understand that the defendant's criminal history computation is tentative.   The criminal history category is determined by the Court based on the defendant's prior convictions.   Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be **VI**.

  G. Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

  H. <u>Imprisonment</u>:   The advisory guideline range resulting from these calculations is **63-78** months.   However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from **30** months (bottom of Category I) to **78** months (top of Category VI).

  The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

  I. <u>Fine:</u>   Pursuant to guideline § 5E1.2, under the estimated offense level

calculated above, the fine range for this offense would be **$10,000** to **$100,000**, plus applicable interest and penalties.

  J. <u>Supervised Release</u>: Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not more than three years.

  K. There is no restitution in this case.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines.   Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on

any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 4/7/16

_____
Axel James Westman
Defendant

Date: 4/7/10

_____
Edward Harris
Attorney for Defendant

Date: 4/7/16

_____
Rebecca S. Weber
Assistant U.S. Attorney