CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. AXEL JAMES WESTMAN                                    DKT. NO. 1:15CR00432-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Katrina M. Devine, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of the defendant Axel James Westman, who was placed on supervision by the Honorable Raymond P. Moore, sitting in the United States District Court in Denver, Colorado, on August 8, 2016.  The defendant was sentenced to 40 months imprisonment and 3 years supervised release for an offense of Possession of a Firearm by a Previously Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1).  Supervision commenced on May 20, 2019 and is set to expire on May 19, 2022.  As noted in the judgment [Document 41], the Court ordered mandatory, special and standard conditions of supervision.  On November 7, 2019, the Court modified the defendant's conditions of supervised release [Document 55].  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about July 22, 2019, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of methamphetamine carries a penalty of over 12 months imprisonment.[1]

On July 22, 2019, the defendant submitted a drug screen at Independence House, a contract testing and treatment agency of the Probation Office, which returned positive for amphetamine.

On July 23, 2019, I met with the defendant in the community, and he admitted he relapsed with methamphetamine and submitted a positive drug screen the previous day.

---

[1] According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir. 1993) cert. denied, 113 S. Ct. 2945, the Court equated drug use with drug possession.  In *U.S. v. Draper*, 2019 WL 1552732 (10th Cir. April 10, 2019), the Court applied penalties under state law in finding Grade B violations for possession and use.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.

Case No. 1:15-cr-00432-RM   Document 57   filed 12/20/19   USDC Colorado   pg 2 of 7

Axel James Westman  
1:15CR00432-1

Petition for Warrant on Person Under Supervision  
Page 2

December 20, 2019

I instructed the defendant to report to the Probation Office on July 24, 2019, and he reported as instructed. At that appointment, I directed him to address his relapse during his therapy sessions.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about July 30, 2019, the defendant used or administered a controlled substance, heroin, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On July 30, 2019, I contacted the defendant via telephone, and he admitted he continued to ingest illicit drugs, noting his use escalated from methamphetamine to heroin. I provided the defendant with information for a local detoxification facility, and he voluntarily admitted himself the same day.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 6, 2019, the defendant used or administered a controlled substance, amphetamine and cocaine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On October 7, 2019, I directed the defendant to report to the Probation Office to submit a drug screen. The drug screen he submitted returned positive for amphetamine, cocaine, and buprenorphine. The defendant verbally admitted to Officer Patrick Hanley he smoked something that might have contained amphetamine, cocaine, and other drugs on October 6, 2019; he also signed an Admission Report admitting to using amphetamine.

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 8, 2019, the defendant used or administered a controlled substance, methamphetamine and opiates, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On October 9, 2019, I met with the defendant at the Probation Office for the purpose of addressing the positive drug screen submitted on October 6, 2019. He admitted he also ingested methamphetamine on October 8, 2019. Supervisory Probation Officer James Murphy met with the defendant as well, and we discussed options for inpatient treatment. The defendant expressed an unwillingness to attend inpatient treatment. We proceeded by petitioning the Court to issue a summons for a Compliance Review Hearing [Document 43]. It is noted the drug screen submitted on October 9, 2019, at the Probation Office returned positive for amphetamine, buprenorphine, and opiates. Although he only admitted to using methamphetamine, he provided me with no valid prescriptions for ingesting opiates.

Case No. 1:15-cr-00432-RM   Document 57   filed 12/20/19   USDC Colorado   pg 3 of 7

Axel James Westman  
1:15CR00432-1

Petition for Warrant on Person Under Supervision  
Page 3

December 20, 2019

5. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 31, 2019, the defendant used or administered a controlled substance, heroin, amphetamine, and cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On October 31, 2019, following a Compliance Review Hearing before Your Honor [Document 53], I directed the defendant to report to the Probation Office. He admitted the drug screen would return positive due to his ingestion of morphine pills and amphetamine.  The drug screen ultimately returned positive for 6-AM[2], amphetamine, buprenorphine, cocaine, and opiates.

6. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about November 15, 2019, the defendant used or administered a controlled substance, oxycodone, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On November 22, 2019, the defendant reported to the Probation Office and reported he consumed an oxycodone pill on or about November 15, 2019, which was not prescribed for him by a physician.

7. **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

On or about November 19, 2019, the defendant was instructed by the probation officer to remain at his residence on record the morning of November 21, 2019, until at least 8:00 a.m. for an initial home inspection, and he failed to follow this instruction, which constitutes a Grade C violation of supervised release.

On November 19, 2019, after an unsuccessful attempt to contact the defendant at his reported employment, I contacted the defendant via telephone and scheduled an initial home inspection at his residence on record, the Denver Rescue Mission Lawrence Street Shelter, no later than 8:00 a.m. on November 21, 2019.  At approximately 6:20 a.m., I arrived at this location and called the defendant.  He reported he did not stay at that address the previous night and was not available to meet me for our scheduled appointment.  I instructed the defendant to report to the Probation Office on November 22, 2019.

---

[2] The defendant's drug screen returned presumptive positive for 6-Acetylmorphine (6-AM).  The presence of 6-AM in urine can be interpreted with confidence to mean that heroin was administered within 24 hours of specimen collection and that the presence of 6-AM in urine is not caused by morphine or codeine administration.

Case No. 1:15-cr-00432-RM   Document 57   filed 12/20/19   USDC Colorado   pg 4 of 7

Axel James Westman  
1:15CR00432-1

Petition for Warrant on Person Under Supervision  
Page 4

December 20, 2019

8. **FAILURE TO WORK REGULARLY**

The defendant has failed to work regularly at a lawful occupation since July 15, 2019, without having been excused from work by the probation officer, which constitutes a Grade C violation of supervised release.

At the commencement of supervised release, the defendant was employed with Luxury Electric in Lakewood, Colorado.  This employment ended on or about July 15, 2019, and the defendant has since failed to maintain employment.  While he was hired with two other companies, he was fired from both positions.  Despite providing the defendant with employment referrals, he continues to remain unemployed.

9. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT**

On or about December 16, 2019, the defendant terminated employment at GB Fish and Chips, and failed to notify the probation officer of this change within 10 days prior to change, which constitutes a Grade C violation of supervised release.

On November 19, 2019, the defendant reported he secured employment at GB Fish and Chips in Denver, Colorado.  He informed me that his employer was aware of his supervision status and advised I may contact his employer for verification purposes.  On December 16, 2019, I attempted to contact the defendant at his employment and was notified by his employer he was fired due to tardiness and leaving the establishment for unauthorized periods of time during his shifts.  The defendant has not yet called to advise me of this change of employment pursuant to his conditions of supervised release.

10. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Independence House and Turning Point, the testing and treatment programs in which the probation officer directed him to participate on June 30, 2019; July 14 and 28, 2019; October 24, 2019; November 14, 2019; and December 5 and 12, 2019.  This constitutes a Grade C violation of supervised release.

On May 21, 2019, at the commencement of supervised release, I referred the defendant to Independence House for a substance abuse evaluation to determine his current substance use needs.  Based on the recommendation of the evaluating clinician, the defendant was enrolled in weekly moral reconation therapy (MRT) group sessions and weekly substance abuse relapse prevention group sessions.  He was instructed to comply with the rules and regulations of the program.

In July 2019, based on the defendant's escalation of use, he voluntarily admitted himself into Denver Cares Detoxification program.  On August 6, 2019, he was admitted into the 90-day Denver Cares Therapeutic Residential Rehabilitation program.  However, on

Case No. 1:15-cr-00432-RM   Document 57   filed 12/20/19   USDC Colorado   pg 5 of 7

Axel James Westman  
1:15CR00432-1

Petition for Warrant on Person Under Supervision  
Page 5

December 20, 2019

October 2, 2019, he was rejected from the program because his drug testing results indicated he was not taking his medication as prescribed.

When presented options for inpatient treatment, the defendant declined. He was then referred for weekly addiction education sessions at Turning Point and commenced his first group on November 7, 2019.

On June 30, 2019; July 14 and 28, 2019, the defendant failed to attend treatment as directed at Independence House. I received notification of the missed sessions via email on the following dates: July 1, 15, and 29, 2019. Each instance of noncompliance was addressed with the defendant.

On October 24, 2019; November 14, 2019; and December 5 and 12, 2019, the defendant failed to attend treatment as directed at Turning Point, a contract treatment provider of the Probation Office. I received notification of the missed sessions via email on the following dates: October 25, 2019; November 14, 2019; December 5 and 12, 2019. I have not yet been able to address the missed December 2019 sessions with the defendant due to unsuccessful attempts to contact him.

11. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on September 23, 2019; October 5, 12, and 30, 2019; November 4 and 16, 2019; and December 15, 2019. This constitutes a Grade C violation of supervised release.

On May 21, 2019, at the onset of supervision, the defendant was enrolled in monthly drug testing at Independence House, a contract treatment provider of the Probation Office and directed him to comply with the rules and regulations of the program.

On the following dates, the defendant failed to report as directed: September 23, 2019; October 5, 12, and 30, 2019; November 4 and 16, 2019; and December 15, 2019. I received notification of these missed drug screens via email on September 24, 2019; October 7, 14, and 31, 2019; November 5 and 18, 2019; and December 15, 2019.

Except for December 15, 2019, each of the missed tests were addressed with the defendant.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. The defendant has an extensive prior record and is on supervision for a weapon-related offense, which occurred while he was on community supervision for a drug felony. When the defendant commits criminal

Case No. 1:15-cr-00432-RM   Document 57   filed 12/20/19   USDC Colorado   pg 6 of 7

| | | |
|---|---|---|
| Axel James Westman<br>1:15CR00432-1 | Petition for Warrant on Person Under Supervision<br>Page 6 | December 20, 2019 |

offenses, he is often under the influence of illicit drugs.  His substance use is significant, and it appears he has consistently used methamphetamine, heroin, morphine pills, and/or prescriptions drugs since at least July 2019 despite implementation of intervention strategies by the Probation Office and a Compliance Review Hearing with Your Honor.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Katrina M. Devine*
  Katrina M. Devine
  Senior United States Probation Officer
  Place:   Denver
  Date:    December 20, 2019

*s/Edgar T. Ruiz*
  Edgar Ruiz
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    December 20, 2019

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category VI, thus the advisory guideline range for revocation is 21 to 27 months.[3]

## STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community.

As noted above, the defendant has an extensive prior record and is on federal supervision for a weapon-related offense.  The underlying offense represents his tenth felony conviction.  Since July 2019, the defendant has tested positive for a multitude of

---

[3] Because the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e), the advisory guideline range is 21 to 24 months, pursuant to U.S.S.G. § 7B1.4(b)(3)(A).

Case No. 1:15-cr-00432-RM   Document 57   filed 12/20/19   USDC Colorado   pg 7 of 7

Axel James Westman  
1:15CR00432-1

Petition for Warrant on Person Under Supervision  
Page 7

December 20, 2019

substances, failed to comply with drug testing and treatment, and demonstrated instability on every front.  He has failed to work regularly since July 2019 and was fired from his last two employers due to poor performance and because his boss believed he was under the influence when entrusted as a flagger.  He is currently homeless and has resisted any efforts by the Probation Office to provide him additional treatment resources or employment referrals.  The Compliance Review Hearing in October 2019 appears to have served no deterrent or motivational value.  The Court did grant a modification of the defendant's conditions to require his placement in the RRC; however, due to a separatee designation, the defendant was not approved for placement.  Based on the defendant's continued drug use, failure to comply with his treatment requirements, and extensive prior record, there does not appear to be any conditions or combination of conditions that minimize the risk the defendant poses to the community when he is under the influence of illicit drugs.

Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.