IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    15-cr-00432-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

AXEL JAMES WESTMAN,

       Defendant.

_____

**DEFENDANT'S MOTION TO CONDUCT VIOLATION HEARING
ON APRIL 27, 2020 VIA TELEPHONE OR VIDEO CONFERENCE**

_____

Defendant, Axel James Westman, by and through counsel, Edward R. Harris, Assistant Federal Public Defender, hereby moves to proceed with his April 27, 2020 Violation Hearing via telephone or video conference.

1.  Mr. Westman is scheduled for a hearing on alleged supervised release violations to occur on April 27, 2020 at 9:00 a.m.

2.  On March 27, 2020, the Chief Judge of the District of Colorado issued General Order 2020-3, which directs judicial officers to endeavor to reschedule in-court hearings in civil and criminal cases through May 1, 2020 to the extent practicable.[1]

3.  However, Mr. Westman moves this Court to hold his April 27, 2020 Change of Plea Hearing via video or telephone conference pursuant to Section 15002(b) of the CARES Act and General Order 2020-4: CARES ACT FINDINGS REGARDING

---

[1] *See* General Order 2020-3: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 (D. Colo. March 27, 2020) (Brimmer, C.J.).

CRIMINAL PROCEEDINGS.

4. The CARES Act allows a court to conduct certain hearings, including those such as the instant hearing, by video conference, or telephone conference if video conferencing is not reasonable available, so long as the defendant consents and three criteria are met:

> 1) The Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States;
>
> 2) the chief judge of a district court […] specifically finds […] that [such hearings] […] cannot be conducted in person without seriously jeopardizing public health and safety; and
>
> 3) the district judge in a particular case finds for specific reasons that [such hearings] […] in that case cannot be further delayed without serious harm to the interests of justice, the plea […] in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.[2]

5. The first two criteria have been met. First, on March 29, 2020, the Judicial Conference, pursuant to Section 15002(b) of the CARES Act, made a finding that "emergency conditions due to the national emergency declared by the President with respect to COVID-19 will materially affect the functioning of the federal courts generally ...".[3] Under the CARES Act, this finding allows chief district judges, under certain circumstances and with the consent of the defendant, to temporarily authorize the use of

---

[2] CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2).

[3] "Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic", United States Courts, March 31, 2020, https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic?utm_campaign=usc-news&utm_medium=email&utm_source=govdelivery (last accessed on April 6, 2020).

video or telephone conferencing for certain criminal proceedings during the COVID-19 national emergency.[4]

6.      Second, on April 6, 2020, the Chief Judge of the District of Colorado issued General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS, which "specifically finds" that "felony pleas and sentencings cannot be conducted in person without seriously jeopardizing public health and safety".[5]  By implication, because the order also references other hearings, including violation proceedings, such hearings also cannot be safely conducted in person.

7.      Third, in this case, there are specific reasons that the hearing cannot be further delayed without serious harm to the interests of justice.  Mr. Westman is being incarcerated at the FDC in Englewood, a BOP facility.  It has been documented in a variety of open sources (and the BOP itself admits) that the BOP has difficulty in implementing appropriate social distancing protocols.  Mr. Westman intends to seek a time-served sentence and does not want to prolong his pretrial incarceration in a jail where he is unlikely to be properly quarantined, tested, or treated for a disease that is rapidly spreading and killing people throughout the country.  The interests of justice demand that Mr. Westman not be unnecessarily exposed to the risks posed by the conditions at the FDC.

8.      Additionally, General Order 2020-4 finds that supervised release violation hearings "may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available."[6]  The District of Colorado has already

---

[4] *Id.*
[5] General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS (D. Colo. April 6, 2020) (Brimmer, C.J.).
[6] General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL

3

established a procedure for conducting other types of hearings through telephone or video conference so Mr. Westman's hearing can be conducted in the same way.

9.      Finally, with Mr. Westman's voluntary consent, this Court possesses the authority to conduct his sentencing hearing without his physical presence in the courtroom.[7]  Undersigned counsel has discussed this matter with Mr. Westman and he has consented voluntarily to waive his right to be physically present at his Violation Hearing, opting instead to appear by telephone or videoconference.  Accordingly, the defense respectfully asks this Court to issue an order authorizing Mr. Westman (and counsel separately) to attend the April 27 Change of Plea Hearing by video or teleconference.

WHEREFORE, Mr. Westman respectfully requests to proceed with his April 27, 2020 Change of Plea Hearing via telephone or video conference.

                              Respectfully submitted,

                              VIRGINIA L. GRADY
                              Federal Public Defender

                              s/ Edward R. Harris
                              EDWARD R. HARRIS
                              Assistant Federal Public Defender
                              633 17th Street, Suite 1000
                              Denver, CO  80202
                              Telephone:  (303) 294-7002
                              FAX:  (303) 294-1192
                              Edward_Harris@fd.org
                              Attorney for Defendant

---

PROCEEDINGS (D. Colo. April 6, 2020) (Brimmer, C.J.).  See also CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2).

[7] CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(4).

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2020, I electronically filed the foregoing

**DEFENDANT'S MOTION TO CONDUCT VIOLATION HEARING ON APRIL 27, 2020 VIA TELEPHONE OR VIDEO CONFERENCE**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

   Rebecca Susan Weber, Assistant United States Attorney
   Rebecca.Weber@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

   Axel James Westman     *via U.S. mail*

                              s/ Edward R. Harris
                              Edward R. Harris
                              Assistant Federal Public Defender
                              633 17th Street, Suite 1000
                              Denver, CO  80202
                              Telephone:  (303) 294-7002
                              FAX:  (303) 294-1192
                              Edward_Harris@fd.org
                              Attorney for Defendant