CO-PROB12B
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. AXEL JAMES WESTMAN           DKT. NO. 1:15CR00432-1

### PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

COMES NOW, Lisa Pence, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Axel James Westman, who was placed on supervision by the Honorable Raymond P. Moore, sitting in the United States District Court in Denver, Colorado, on April 27, 2020 .  The defendant was sentenced to eight months imprisonment and one year supervised release for a violation of supervised release related to his original conviction for the offense of Possession of Firearms by a Previously Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).  This is the defendant's second term of supervised release as there has been one prior revocation (see Documents 41 and 77, Judgment in a Criminal Case and Judgment for Revocation of Supervised Release).  Supervision commenced on August 25, 2020, and is set to expire on August 24, 2021.  As noted in the judgment [Document 77], the Court ordered mandatory, special and standard conditions of supervision.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

During his supervision intake on August 26, 2020, the probation officer asked the defendant to discuss issues he had on his last term of supervised release in order to develop a plan for success with his current term of supervised release.  The defendant discussed his fondness for abusing opiates, specifically Suboxone.  When asked what he liked about the drug, the defendant said, "It [Suboxone] does wonders for you. I think it keeps a person level."  The defendant also recalled being prescribed Wellbutrin in 2000 and being able to maintain sobriety and employment.  He noted when his wife told him how proud she was of him, he realized Wellbutrin was changing who he was as a person so he discontinued its use.  Based on these comments, the probation officer believes it would be beneficial for the defendant to undergo a mental health evaluation as he may be self-medicating using Suboxone.  Further, the defendant's response to his wife's comment could be a result of high-level cognitive distortion, but a mental health basis should be ruled out.  When asked how he would feel about agreeing to the addition of a mental health condition, the defendant said he has always been "against" mental health treatment but "things need to work this time" so he is open to the idea of mental health treatment.

On August 26, 2020, the defendant executed a form entitled, "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervision.  Assistant U.S. Attorney Rebecca Weber was contacted and has no objection to the proposed modification.

Case No. 1:15-cr-00432-RM   Document 78   filed 09/02/20   USDC Colorado   pg 2 of 2

Axel James Westman  
1:15CR00432-1

Petition to Modify Conditions of Supervised Release  
Page 2

September 1, 2020

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

Modification of the terms of supervised release to include the following special condition:

> You must participate in a program of mental health treatment approved by the probation officer and follow the rules and regulations of such program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program as to modality, duration, and intensity. You must pay for the cost of treatment based on your ability to pay.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Lisa Pence*
   Lisa Pence
   United States Probation Officer
   Place:   Denver
   Date:    September 1, 2020

*s/ Garret Pfalmer*
   Garret C. Pfalmer
   Supervisory United States Probation Officer
   Place:   Denver
   Date:    September 1, 2020